**JIM SKAGGS, INC., Appellant,**

v.

**Dennis SMITH and Sharon Smith, Successors in Interest to Ashron Contracting, Inc. and Edmonson County Water District and County of Edmonson, Kentucky, Appellees.**

**No. 89–CA–1496–MR.**

Court of Appeals of Kentucky.

May 4, 1990.

Rehearing Denied July 19, 1990.

Discretionary Review Denied
by Supreme Court
Dec. 19, 1990.

Frank Hampton Moore, Jr., Elizabeth Y. Downing, Cole, Broderick, Minton, Moore & Thornton, Bowling Green, for appellant.

Hoy P. Hodges, Caudill & Hodges, Bowling Green, for appellees, Dennis and Sharon Smith.

Robert D. Meredith, Leitchfield, for appellees, Edmonson County Water Dist. and Edmonson County.

Before HOWERTON, C.J., and LESTER and STUMBO, JJ.

LESTER, Judge.

This is an appeal from a summary judgment supported by findings of fact and conclusions of law, whereby the Smiths recovered $10,560 upon the basis of their lien filed pursuant to KRS 376.210.

Finding no room for improvement of the trial court's factual statement, we adopt it as our own as follows:

In November 1986, Homer Collins, dba, Homer Collins Construction Company, was down on his luck. He was a small contractor with construction equipment and tools of a value of about $130,000. He owed a bank in Bowling Green approximately $96,000 for money borrowed as operating expense. He gave a security agreement on all his equipment for security on the loan. His payments were set up at $2700.00 and change per month over a 60–month period. He was delinquent in his payments. Ashron Contracting Company, Inc. was a small husband and wife corporation, with little or no contracts at the time, and apparently little or no construction equipment. A deal was worked between Collins, Ashron and the creditor bank whereby Ashron rented the equipment from Collins under a lease purchase agreement, whereby Ashron would make the delinquent payments and continue to make the payments to the bank, and then Collins would lease the equipment or parts thereof from Ashron when he had contracts at a fixed daily rate per items.

Jim Skaggs, Inc. is a general contracting company. Homer Collins had done subcontracting work for him off and on for the last 10 or 15 years. Skaggs, Inc. obtained a contract for water line extensions for the Edmonson County Water District in late 1987 or early 1988. On or about January 8, 1988, he subcontracted a portion of the work to Collins on a set price per unit of the job. A short subcontract agreement was executed between the parties providing, among other things, that Collins would furnish the construction equipment, except if by mutual consent additional equipment was needed.

No written lease agreement was entered into between Ashron and Collins for use of X amount of equipment on the water project. Since the inception of the lease purchase agreement between Collins and Ashron, Collins kept the equipment in his possession. When he had work for it, he used it and kept daily time records and paid Ashron on the preagreed daily rate.

Initially Ashron did not know where the equipment was being used. Collins had used the same equipment on jobs with Skaggs in the past, and Skaggs assumed it was Collins' equipment. Collins never told him it did not belong to him. Collins paid approximately $3500 to Ashron in April for rental up to that time. Some months later, and shortly before completion of Collins' subcontract, and while Collins was in arrears on monthly payments, Skaggs received an invoice from Ashron for rental of equipment. He tore up the invoice, had a discussion with Collins, and did not pay the invoice.

In July, Ashron perfected a lien under KRS 376.210. Jim Skaggs, Inc. did not file a protest within 30 days as required by statute. The Water District has paid into court $10,560.00, the amount claimed due Ashron, from a retainage it was holding which was due to the general contractor.

There is no issue of fact as to the equipment being used on the project. The equipment was rented from Ashron by Collins, a subcontractor. It was used on a public improvement as defined by the statute.

It was used without the knowledge of the contractor that it did not belong to Collins.

In addition to the foregoing, we believe it worthwhile to point out that on July 8, 1988, Ashron invoiced Skaggs for the equipment rental, and by certified mail with return receipt the attorney for the lessor notified the appellant that the lien had been filed by letter dated July 18, 1988. This action was commenced within the prescribed time and judgment entered.

Appellant maintains that the summary judgment was erroneously entered because genuine issues of material facts were present, such as ownership of the equipment, the contractual relationship of the parties, and the liability of the parties for the use of the equipment. All of which Skaggs maintains may be true but what he overlooks is that this is an action brought to enforce a lien pursuant to a statutory scheme. Appellant might have been permitted to raise his points in the trial court but he failed to pay the price for admission because he omitted to comply with KRS 376.250(2) which required him to file a written protest within thirty days of the delivery of an attested copy of the lien. In the language of contract law this step was a "condition precedent" to voicing his objections. Having failed to do so it was incumbent upon the public authority (stakeholder) to pay the lien holder and charge the contractor's account. Skaggs argues that neither the appellee nor the court has any authority which states that all defenses of a general contractor are precluded by failure to file a timely protest to a lien. Our answer is that this opinion hereby establishes that such is the law of the Commonwealth because we perceive this to be the clear intention of the legislative enactment.

As to appellant's second assignment of error concerning the trial court's misinterpretation of KRS 376.210 and 376.250, what we have already said disposes of this contention.

The judgment is affirmed.

All concur.